**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>[2] JEAN CARLOS FLORES-TORRES,<br><br>Defendant. | CRIMINAL NO. 17-002 (GAG) |

**REPORT AND RECOMMENDATION**
**RE: RULE 11 PROCEEDINGS (PLEA OF GUILTY)**

## I. Procedural Background

On January 3, 2017, a grand jury returned an indictment against [2] Jean Carlos Flores-Torres (hereinafter referred to as "defendant" or "Flores-Torres"). ECF No. 15. Defendant has agreed to plead guilty to count two of the indictment. Count two charges the defendant of being a convicted felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1) and 924(a)(2).

## II. Consent to Proceed Before a Magistrate Judge

On October 22, 2018, while assisted by counsel the defendant, by consent, appeared before the undersigned in order to change his previous not guilty plea to a plea of guilty as to count two of the indictment. In open court the defendant was questioned as to the purpose of the hearing being held and was advised of: (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and that it was expected that his answers would be truthful; (c) the potential consequences of lying under oath (such as a perjury charge); and (d) his right to have the change of plea proceedings presided by a district judge instead of a magistrate judge. The defendant was also explained the differences between the appointment and functions of the two. The defendant consented to proceed before the undersigned magistrate judge.

## III. Proceedings Under Rule 11, Federal Rules of Criminal Procedure

### A. Rule 11(c)(1) Requirements

> Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)).
>
> United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

### B. Admonishment of Constitutional Rights

To assure defendant's understanding and awareness of his rights, defendant was advised of his right:

1. To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving his guilt beyond a reasonable doubt.

2. To testify or not to testify at trial and that no adverse inference could be made in relation to his decision not to testify.

3. To a speedy trial before a district judge and a jury, at which he would be entitled to see and cross-examine the government witnesses, present evidence on his behalf, and challenge the government's evidence.

4. To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of admissible evidence.

5. To use the subpoena power of the court to compel the attendance of witnesses.

Upon listening to the defendant's responses, observing his demeanor and his speaking with his attorney, that to the best of counsel's belief defendant had fully understood his rights, it is determined that defendant is aware of his constitutional rights.

**C. Consequences of Pleading Guilty**

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty. Specifically, defendant was advised that by pleading guilty and upon having his guilty plea accepted by the court, he will be giving up the above rights and will be convicted solely on his statement that he is guilty.

Furthermore, the defendant was admonished of the fact that by pleading guilty he would not be allowed later on to withdraw his plea because he eventually might disagree with the sentence imposed, and that if he violates the conditions of supervised release, that privilege could be revoked and he could be required to serve an additional term of imprisonment. He was also explained that parole has been abolished.

In response to further questioning, the defendant was explained, and he understood, that if convicted on count two he will face the following penalties: a term of imprisonment of not more than ten (10) years, a fine not to exceed $250,000.00, and a term of supervised release of not more than three (3) years.

The defendant was also explained what the supervised release term means. Defendant was also made aware that the court must impose a mandatory penalty assessment of one hundred dollars ($100) per offense pursuant Title 18, United States Code, Section 3013(a).

The defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon him, he later could not withdraw his guilty plea for that reason alone. The defendant understood this.

**D. Absence of Plea Agreement**

There is no plea agreement in this case. The defendant was explained that the court, upon imposing sentence, is not bound by the U.S. Sentencing Guidelines which are advisory. In addition, the defendant was advised that the court may impose any sentence up to the maximum possible penalty prescribed by statute. Defendant acknowledged having understood these explanations.

**E. Basis in Fact**

At the change of plea hearing, the defendant admitted that the following facts are true: On December 23, 2016, Puerto Rico Police Department (PRPD) agents assigned to Canóvanas Police District received a call from 9-1-1 dispatch about an aggressive person in the area of The Outlets Mall in Canóvanas, Puerto Rico. While PRPD agents were arriving on scene, they were informed by dispatch to be aware because another call received informed that the individual had a rifle. According to PRPD agents, when they entered the parking lot of the above-mentioned shopping mall, citizens in the area were pointing them towards the vehicle where the individual with the rifle was. The vehicle was later described as a Nissan, model Sentra, 2015, white in color, bearing Puerto Rico license plate INJ-668.

When PRPD agents drove towards the vehicle, it took off and was able to exit the mall onto PR Road #3, towards Río Grande. PRPD agents assigned to the Transit Division were in the area and assisted in blocking the road in order for the other agents to catch up the vehicle. PRPD agents were able to pull over the vehicle on PR Road #3 at the intersection of Road #958, jurisdiction of Río Grande. PRPD agents approached the vehicle and asked the three occupants to exit the vehicle.

When the front passenger opened the door and got out of the vehicle, they were able to observe a barrel and a stock of a rifle that protruded from under the car floor mat. The rear passenger was Jean Carlos Flores-Torres. Agents arrested all of the occupants of the vehicle which included two adult males and a minor.

When Flores-Torres exited the vehicle, he had a black cross body bag that had a clear baggie containing green leaf substance that appeared to be marijuana. PRPD Agents had a clear view of the substance because the cross-body bag was open. The subjects appeared to be intoxicated and Flores-Torres was taken to the hospital and was released later on that day.

PRPD Agents seized the following firearm from the vehicle: one (1) Colt rifle, Match Target, M4 Carbine, serial number MTM 402493, loaded with twelve (12) rounds of .223 caliber ammunition. PRPD agents were able to confirm through the surveillance videos at the mall that some type of argument and fight occurred among the minor and co-defendant [1] Benjamín Rodríguez-Febres. PRPD agents also observed in the videos an individual, wearing a grey shirt, who turned out to be Flores-Torres, reach into the trunk of the white Nissan Sentra, pull out a rifle, and placed it on the floor of the front passenger side. PRPD agents also observed that [1] Benjamín Rodríguez-Febres took off on foot and the other three subjects left in the vehicle.

ATF agents read Flores-Torres his Miranda warnings, which he understood, and agreed to speak to ATF agents without the presence of counsel. Flores-Torres admitted being at The Outlets Mall with [1] Benjamín Rodríguez-Febres, the other adult male and the minor. Flores-Torres also admitted that he reached into the trunk of the vehicle, pulled out a rifle, and placed it inside the vehicle. He disclaimed knowing its capabilities. About the marijuana found on the bag he was carrying, Flores-Torres indicated that he bought it for another person. The investigation further revealed that Flores-Torres has been previously convicted of crime punishable by more than one year of imprisonment. The firearm and ammunition seized affected, and or traveled interstate or foreign commerce.

**F. Voluntariness**

The defendant accepted that no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty.

## IV. Conclusion

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, has entered a plea of guilty as to count two of the indictment. After cautioning and examining the defendant under oath and in open court, concerning each of the subject matters mentioned in Rule 11, as described in the preceding sections, I find that defendant is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that the same carries, understands that the charge is supported by the government's evidence, has admitted to every element of the offense charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea. Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to count two of the indictment.

Any objections to this report and recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

SO RECOMMENDED.

In San Juan, Puerto Rico, this 16th day of November, 2018.

s/Marcos E. López
U.S. MAGISTRATE JUDGE